IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WALTER WILLIAM GAGE,                          Civil No. 09-6107-AA
                                                OPINION AND ORDER

           Plaintiff,

      vs.

CITY OF BAKER CITY, a Municipal
Corporation; OFFICER MICHAEL
REGAN, OFFICER MICHAEL HARRIS,
OFFICER BRIAN HARVEY, each in their
individual capacity, and as a police
official for the City of Baker
City,

           Defendants.
_____

Kenneth C. Hadley
Attorney At Law
1950 Third Street
PO Box 965
Baker City, Oregon 97814

Brian Michaels
Attorney At Law
259 East Fifth Avenue
Suite 300-D
Eugene, Oregon 97401
      Attorneys for plaintiff

Page 1 - OPINION AND ORDER

Gerald L. Warren
Attorney At Law
901 Capitol St. NE
Salem, Oregon 97301
     Attorney for defendants

AIKEN, Chief Judge:

     Defendants filed a motion for summary judgment asserting
that they are entitled to judgment as a matter of law on
plaintiff's claims.  Defendants' motion is granted.

BACKGROUND

     Plaintiff, a resident of Toledo, Oregon, brings this lawsuit
pursuant to 42 U.S.C. section 1983 alleging a violation of his
civil rights by defendants during his visit to Baker City, Oregon
on July 20, 2007.  Plaintiff alleges he was placed under arrest
for Driving Under the Influence of Intoxicants (DUII) without
probable cause in violation of his Fourth Amendment rights.
Plaintiff also states a state tort claim for identical reasons.[1]

     Plaintiff's claims arise out of his arrest by defendant
Officer Regan on July 20, 2007.  Officer Regan was on bicycle and
stopped plaintiff's vehicle when he saw plaintiff driving past
barricades placed in the road to close off the street during the
annual Baker City Miner's Jubilee special event.  Plaintiff
traveled yearly to this event and said he had just come from the
Elk's Club and had consumed "one beer."  After failing field

_____

     [1] Plaintiff withdraws his Invasion of Privacy and Intentional
Infliction of Emotional Distress Claims, and all claims against
defendant Officer Michael Harris.

Page 2 - OPINION AND ORDER

sobriety tests that plaintiff agreed to perform, he was placed
under arrest and transported to the Baker County Jail.
Plaintiff's Jeep was towed and impounded.  Defendants allege that
no driver was available and it would have been a safety hazard to
leave plaintiff's car parked along the city street.

Plaintiff's blood alcohol content ("BAC") measured
approximately one hour and 40 minutes after his arrest was
.025%.  The District Attorney did not prosecute the DUII charge.

                              STANDARDS

Summary judgment is appropriate "if the pleadings,
depositions, answers to interrogatories, and admissions on file,
together with the affidavits, if any, show that there is no
genuine issue as to any material fact and that the moving party
is entitled to a judgment as a matter of law." Fed. R. Civ. P.
56©.  Substantive law on an issue determines the materiality of a
fact.  T.W. Electrical Service, Inc. v. Pacific Electrical
Contractors Assoc., 809 F.2d 626, 630 (9th Cir. 1987).  Whether
the evidence is such that a reasonable jury could return a
verdict for the nonmoving party determines the authenticity of a
dispute.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
(1986).

The moving party has the burden of establishing the absence
of a genuine issue of material fact.  Celotex Corp. v. Catrett,
477 U.S. 317, 323 (1986).  If the moving party shows the absence

of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply when evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Electrical, 809 F.2d at 630.

DISCUSSION

Plaintiff argues that defendants violated his rights due to a warrantless arrest for DUII and that there was no probable cause to arrest him in violation of the Fourth Amendment.

Pursuant to the Fourth Amendment, a warrantless arrest requires probable cause. Devenpeck v. Alford, 543 U.S. 146, 152 (2004). "[S]ufficient probability, not certainty, is the touchstone of reasonableness under the Fourth Amendment[.]" Maryland v. Pringle, 540 U.S. 366, 371 (2003). Probable cause to arrest without a warrant exists when the facts and circumstances known to the arresting officer are sufficient to lead a prudent person to believe the suspect has committed, is committing or is about to commit a crime. Allen v. City of Portland, 73 F.3d 232, 237 (9th Cir. 1995).

This essential determination, however, is not of the
actuality of guilt, but rather of its likelihood.

Page 4 - OPINION AND ORDER

> The factual predicates for a finding of probable
> cause need not approach that moral certainty of
> guilt upon which a conviction after trial must
> rest . . . .   [A] showing of probable cause
> involves considerably less than the demonstration
> of guilt demands.  The indicia of guilt need not
> be absolute or even fully consistent; they may
> leave some room for doubt, and even for error.

United States v. Blum, 432 F.2d 250, 252 (9th Cir. 1970).

Finally, "[p]robable cause exists when, under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [defendant] had committed a crime."  United States v. Buckner, 179 F.3d 834, 837 (9th Cir. 1999), cert. den., 528 U.S. 1094 (2000).

Plaintiff argues that here, a genuine issue of material fact exists as to whether there was an objectively reasonable basis to believe there was probable cause to arrest and imprison plaintiff.  Plaintiff asserts that the field tests he was asked to perform were not objectively reasonable, nor were they trustworthy given plaintiff's age (72 years old), plaintiff's alleged hip problems which affected his balance, his recent cataract surgery which caused his eyes to appear red and watery, and Officer Regan's failure to ask him the required question about his balance - even after being told about plaintiff's hip problem.

Plaintiff argues that, under the totality of the circumstances, there was no objective probable cause to arrest or imprison him.

Page 5 - OPINION AND ORDER

Whether a warrantless arrest is constitutionally valid
depends on whether "at the moment" of the arrest, the officer had
probable cause to make the arrest.  United States v. Martin, 509
F.2d 1211, 1213 (9th Cir.), cert. den., 421 U.S. 967 (1975).
Here, I find that Officer Regan had sufficient probable cause to
arrest plaintiff.  Although plaintiff takes issue with the three
field sobriety tests that were administered, these tests are all
valid under Oregon law.  OAR 257-025-020.  The threshold for
probable cause to believe that an individual has been driving
under the influence is relatively low in Oregon.  See State v.
Gilmour, 136 Or. App. 294, 901 P.2d 894, rev. den., 322 Or. 360,
907 P.2d 247 (1995)(officer stopped defendant after seeing him
commit a traffic infraction after leaving a tavern parking lot at
2:00 a.m., court held watery, bloodshot eyes and odor of alcohol
were sufficient to establish objective probable cause); State v.
Nagel, 320 Or. 24, 880 P.2d 451 (1994)(probable cause found based
on officer's observation of odor of alcohol, glassy eyes and
driver's difficulty removing driver's license from wallet).

Plaintiff's own deposition testimony states or does not deny
that he had been drinking alcohol; he likely had an odor of
alcohol and does not deny that it may have been strong; his
movements may have been slow; he was likely off balance and
swaying; he was not able to state whether his speech was slurred
at the time of the stop as observed by the officer; his eyes were

glassy and watery; and he cannot remember many things the officer observed at the time of the field sobriety testing and observation so as to create any disputed issues of fact on these observations.  Based on the totality of these circumstances, there was a sufficient basis to believe plaintiff had been under the influence of intoxicants when driving.  The fact that plaintiff's BAC percentage was only .025% and that the District Attorney elected not to prosecute plaintiff for DUII is irrelevant to an initial determination of probable cause for arrest.

Therefore, summary judgment is granted on plaintiff's claims of false arrest and Fourth Amendment violation.

Plaintiff seems to also assert a <u>Monell</u> claim although upon review of plaintiff's Complaint, I find little indication of this claim.  To establish municipal liability, plaintiff must show that: (1) he possessed a constitutional right of which he was deprived; (2) the municipality has a policy; (3) the policy amounts to a deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation.  <u>Plumeau v. School Dist. No. 40 County of Yamhill</u>, 130 F.3d 432, 438 (9th Cir. 1997)(internal citation omitted).  Plaintiff's complaint fails completely in this regard.  I find no evidence to support such a claim. Defendants' summary judgment motion is granted on the <u>Monell</u>

claim pleaded by plaintiff.

<u>CONCLUSION</u>

Defendants' motion for summary judgment (doc. 11) is granted.  Defendants' motion to strike (doc. 23) is denied.  This case is dismissed and all pending motions are denied as moot. IT IS SO ORDERED.

Dated this __11__ day of March 2010.


          /s/ Ann Aiken
          Ann Aiken
     United States District Judge

Page 8 - OPINION AND ORDER